Eric Edward Nord
John G. Crist
CRIST, KROGH & NORD, LLC
The Securities Building
2708 First Avenue North, Suite 300
Billings, MT 59101
Telephone: (406) 255-0400
Facsimile:  (406) 255-0697
enord@cristlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| MICHAEL ROSE, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| INTUITIVE SURGICAL, INC., | |
| Defendant. | |

## NATURE OF ACTION

1. This is an action for damages resulting from the wrongful discharge of the Plaintiff, Michael Rose, by the Defendant, Intuitive Surgical, Inc.

## PARTIES

2. The Plaintiff, Michael Rose, is a resident of the State of Montana, living in Billings, Montana.

1

3. The Defendant, Intuitive Surgical, Inc. ("Intuitive Surgical") is a California corporation authorized to and conducting business in the State of Montana.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages in excess of $75,000.00. In addition, the Plaintiff is a resident of Billings. The Defendant conducts business in Montana and in Billings. Thus, jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL COUNTS

5. Rose was hired in October 2009 and immediately began to successfully manage the territory before Intuitive offered training in February 2010.

6. Rose's territory was not officially assigned to him until March 2010, but he nonetheless completed numerous accomplishments in the interim time period.

7. Over the course of 2010, Rose had five different managers with very different personalities, skills and managerial qualities. Some of these managers had a limited understanding of the Montana territory and the physicians located therein.

8. At the end of 2010, Rose's position at Intuitive Surgical was ranked number four in the nation even though he did not have the full support from Intuitive Surgical's management.

9. In the first quarter of 2011, Rose had his best business quarter ever. Rose launched Kalispell's daVinci program increasing the number of programs to six. Rose trained eleven surgeons and was involved in over two hundred cases. Rose got Community Hospital in Missoula to aggressively enter into negotiations for Montana's 7th daVinci resulting in a second quarter 2011 purchase. Rose logged twenty-three flights in his territory. Although his territory required more attention, Intuitive denied more flights. The denials resulted in significant miles incurred by Rose traveling by car, and the lost time associated therewith.

10. At the January 2011 (Q1 2011) National Sales meeting, Paul Zigler, Area Vice President commented that Mr. Rose's territory had become unmanageable. Jeff Gilliam, Clinical Sales Manager, stated that Mr. Rose's Q1 2011 case volume far exceeded Intuitive Surgical's expectations. This fact, coupled with the complete breakdown of continuity and support by Intuitive of Mr. Rose's territory (there were three different Area Directors and five different Managers during his tenure) caused client relations to suffer. Instead of looking at rectifying the problems they had created for Rose, Intuitive management made him the scapegoat for their own failures.

11. Given the lack of support by Intuitive to Rose for such a large geographical area, Intuitive constructively discharged Rose by not giving him the support or tools for success.

12. Over the course of Rose's employment with Intuitive Surgical, he worked diligently in his territory to develop the business interests of Intuitive and Rose performed very well by any objective measurement. In fact, a March 25, 2011 field coaching report was favorable to him.

13. Nonetheless, on June 30, 2011, Intuitive notified Rose that he would have until Friday, July 1st to either resign his position or be terminated.

14. Rose opted to resign so that his future employment prospects would not be impaired by a termination on his employment record.

15. The effective date of his resignation, July 15, 2011, was just 16 days short of the vesting of his bi-yearly employee stock options.

## COUNT ONE

## Wrongful Discharge

16. Rose incorporates by reference paragraphs 1 through 15 above, as if fully incorporated herein.

17. Rose was an employee of Defendant.

18. Rose had completed Intuitive Surgical's probationary period of employment.

19. Rose was terminated from his employment with Intuitive Surgical, and such discharge was wrongful.

20. Rose's voluntary termination of his employee was the result of a situation created by acts and omissions of Intuitive Surgical which an objective, reasonable person would find to be so intolerable, that voluntary termination was his only reasonable alternative. As a result, Rose was wrongfully and constructively discharged from his employment.

21. As a result of Intuitive Surgical's conduct, Rose was wrongfully discharged from his employment, and has suffered damages, including lost wages and fringe benefits, relocation expenses, together with interest on the lost wages and fringe benefits set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court, or the trier of fact, find as follows:

1. That Michael Rose was wrongfully terminated from his employment;

2. That he has suffered damages in an amount to be proved at trial;

3. That he be awarded lost wages and fringe benefits for a period not to exceed four (4) years from the date of his discharge, together with interest on the lost wages and fringe benefits in an amount to be determined at trial;

4. For his attorneys' fees to the extent allowed by law; and

5. For such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues in the above-entitled action.

DATED this 29th day of June, 2012.

>CRIST, KROGH & NORD, LLC
>
>By: */s/ Eric Edward Nord*
>    Eric Edward Nord
>    John G. Crist
>2708 First Avenue North, Suite 300
>Billings, MT  59101
>
>*Attorneys for Plaintiff*